UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE
2004 OCT -1 P 1:10
U.S. DISTRICT COURT
DISTRICT OF MASS

TAUNTON DEPOT L.L.C.   )
)   04-12102-JLT
)
vs.   )
)   RECEIPT # 59020
)   AMOUNT $ 150.00
)   SUMMONS ISSUED 1
KOHL'S DEPARTMENT STORE, INC.   )   LOCAL RULE 4.1 _____
)   WAIVER FORM _____
    MCF ISSUED _____
MAGISTRATE JUDGE MBB   **COMPLAINT**   BY DPTY. CLK. M.P.
    DATE 10/1/04

**PARTIES**

1. The plaintiff is a Massachusetts corporation that does business at 555 Pleasant Street, Suite 201, Town of Attleboro, County of Bristol, Massachusetts.

2. The defendant is a Delaware corporation that conducts retail business on a nationwide (if not multi-national) level. On information and belief it owns real estate throughout the Commonwealth of Massachusetts.

**STATEMENT OF JURISDICTION**

3. The matter is before the court pursuant to principles of diversity jurisdiction. See 28 U.S.C. § 1332. The plaintiff is a Massachusetts corporation. The defendant is a Delaware corporation. The amount in controversy exceeds $75,000.00. The transactions in question arise out of the defendant's extensive contacts in Massachusetts including, but not limited to, the ownership of real estate and the operation of several substantial retail businesses. See Mass. Gen. Laws ch. 223A, § 3 (long arm jurisdiction).

## FACTS COMMON TO ALL COUNTS

4. At all pertinent times, the plaintiff was in the business of acquiring, developing and operating commercial real estate, including commercial shopping centers.

5. At all pertinent times, Land Development-Northeast, Inc. was the operator of a shopping center located in Taunton, Massachusetts, which shopping center has from time to time been referred to by the parties as "Taunton Depot." Land Development-Northeast, Inc. was also one of the developers of the Taunton Depot.

6. At all pertinent times, the defendant was and is in the business of operating substantial retail stores throughout the country.

7. In completing the purchase, the defendant accepted a deed from one John Cardelli, Trustee of Porter Realty Trust. A true copy of the deed is appended hereto and incorporated herein as Exhibit A. The deed expressly states that title is subject to all easements, covenants and restrictions, conditions, and other matters of record.

8. On or about May 5, 1998, John Cardelli, as Trustee of Porter Realty Trust, created and recorded a document entitled "Operation and Easement Agreement." Hereinafter, this agreement shall be referred to from time to time as the "OEA." The OEA established a system pursuant to which the aforementioned Land Development-Northeast, Inc. would operate the shopping center but sub-parcels would be sold to specific retail users. This document "ran with the land" and bound subsequent purchasers of lots at the center to utilize the services of Land Development-Northeast, Inc. as operator of the center. The agreement also established a formula for the payment of operating expenses.

2

9. A true copy of the OEA is attached hereto and incorporated herein as Exhibit B.

10. Subsequently, a Supplemental Operation and Easement Agreement was executed and recorded. (Hereinafter SOEA.) A true copy of the SOEA is attached hereto and incorporated herein as Exhibit C.

11. Subsequently, a First Amendment to the Supplemental Operation and Easement Agreement was recorded. (Hereinafter First Amended SOES.) A true copy of the First Amended SOES is attached hereto and incorporated herein as Exhibit D.

12. On October 24, 2002, a Second Amendment to the Supplemental Operation and Easement Agreement was executed. It was recorded on November 7, 2002. A true copy of the Second Amended SOES is attached hereto and incorporated herein as Exhibit E.

13. The Second Amended SOES was negotiated specifically to accommodate the defendant Kohl's. Kohl's is a signatory, and the agreement specifically incorporates the earlier contracts, Exhibits B-D.

14. On or about November 29, 2001, the defendant purchased a parcel of real estate known as "LOT B2C on a plan of land entitled Taunton Depot Subdivision."

15. This parcel was one of the sub-parcels of the Taunton Depot shopping center. Kohl's bought the parcel subject to the OEA as amended from time to time. Kohl's accepted its deed with both record and actual knowledge of the OEA.

3

16. The rights of Land Development-Northeast, Inc., pursuant to the OEA and the OEA as amended, were assigned to the plaintiff.

17. The Second Amended SOEA expressly contained an "opt-out" provision entitling Kohl's to assume the maintenance of the common areas in the so-called "Kohl's Tract" upon 60 days' notice.

18. On or about August 19, 2004, the plaintiff received a document from the defendant purporting to comply with the aforesaid "opt-out provisions." A true copy is attached hereto as Exhibit F. In addition to exercising defendant's "opt-out" rights, this document conclusively establishes the defendant's knowledge that the terms of the Second Amended SOEA were binding.

19. For a substantial period of time, Kohl's has refused to pay invoices due and owing in accord with the terms of the Second Amended SOEA. As of July 9, 2004, the amount owed was $127,595.03, plus accrued interest of $7,320.20, creating a total of $134,915.23.

20. These invoices are true and accurate. They are based upon documented charges in accord with the terms of Exhibits B, C, D, and E attached.

21. Despite repeated requests, Kohl's has refused to pay.

## COUNT I

(Breach of Contract Damages)

22. The plaintiff repeats and realleges the allegations set forth in the paragraphs above.

23. The plaintiff managing company and defendant tenant entered into a written binding contract.

24. The plaintiff performed each and every obligation pursuant to the contract.

25. The defendant breached the contract and by such breach caused damage to the plaintiff in the amount of $134,915.93.

## COUNT II

(93A, §2)

26. The plaintiff re-alleges each and every allegation set forth above.

27. At all pertinent times, both parties were doing business in the Commonwealth of Massachusetts as that term is defined in Mass. Gen. Laws ch. 93A. The parties enjoyed a business to business relationship.

28. By repeatedly refusing to honor its invoices, Kohl's intentionally sought to make operation of the shopping center more difficult for all involved, thereby leveraging down its debt.

29. Kohl's engaged in unfair and deceptive practices, as that term is defined at Mass. Gen. Laws ch. 93A, § 2 and § 11.

5

30. These unfair and deceptive practices caused great damage to the plaintiff.

WHEREFORE:

Plaintiff requests a hearing and respectfully requests that this court:

31. Order that the defendant Kohl's is liable in damages to the plaintiff in the amount of $134,915.93, plus any additional charges that can be proven as of the time of trial.

32. Order payment of any special, exemplary, or punitive damages to the greatest extent supported by the law, and the evidence adduced including, but not limited to, "treble damages" in accord with the terms of Mass. Gen. Laws ch. 93A.

33. Assess against the defendant statutory interest from the dates of the breaches, all costs and attorney's fees.

34. Provide the plaintiff all additional relief available under the law as is fair and just.

RESPECTFULLY SUBMITTED,
PLAINTIFF

By its attorneys:

Robert S. Sinsheimer, BBO # 464940
Sinsheimer & Associates
4 Longfellow Place, Suite 3501
Boston, MA 02114
(617) 722-9954

Dated: October 1, 2004