UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TAUNTON DEPOT, LLC., )<br>    PLAINTIFF )<br> )<br> )<br>v. )<br> )<br> )<br>KOHL'S DEPARTMENT STORES, INC., )<br>    DEFENDANT ) | CIVIL ACTION NO:04-<br>12102 JLT |

## DEFENDANT'S ANSWER AND COUNTERCLAIM

1. Admitted.

2. Admitted as to all factual assertions.

3. The Defendant, Kohl's Department Stores, Inc. ("Kohl's") is not required to respond to the factual assertions contained in paragraph 3 of Plaintiff's complaint as the same are legal conclusions.

4. Kohl's has no knowledge as to the factual assertions contained in paragraph 4 of Plaintiff's complaint and the same is therefore denied.

5. Admitted as to all factual assertions.

6. Admitted.

7. Admitted as to all factual assertions.

8. Admitted as to all factual assertions.

9. Kohl's states it is not required to respond to the factual assertion contained in Plaintiff's complaint, paragraph 9 as the document referenced therein speaks for itself.

10. Admitted as to the factual assertion contained in the first sentence of paragraph 10 of Plaintiff's complaint. Kohl's states that it is not required to respond to the factual assertion contained in Plaintiff's complaint, paragraph 10, second sentence as the document referenced therein speaks for itself.

11. Admitted as to the factual assertion contained in the first sentence of paragraph 11 of Plaintiff's complaint. Kohl's states that it is not required to respond to the factual assertion contained in Plaintiff's complaint, paragraph 11, second sentence as the document referenced therein speaks for itself.

12. Admitted as to the factual assertion contained in the first sentence of paragraph 12 of Plaintiff's complaint. Kohl's states that it is not required to respond to the factual assertion contained in Plaintiff's complaint, paragraph 12, second sentence as the document referenced therein speaks for itself.

13. Denied. Kohl's states that it is not required to respond to the factual assertion contained in Plaintiff's complaint, paragraph 13, second sentence as the documents referenced therein speak for themselves.

14. Admitted.

15. Admitted as to the factual assertion contained in the first sentence of Plaintiff's complaint, paragraph 15. Admitted as to the factual assertion contained in the second sentence of Plaintiff's complaint, paragraph 15. Admitted as to the factual assertion contained in the third sentence of Plaintiff's complaint, paragraph 15.

16. Admitted.

17. Admitted.

18. Admitted as to the factual assertion contained in the first sentence of paragraph 18 of Plaintiff's complaint. Kohl's states that it is not required to respond to the factual assertion contained in Plaintiff's complaint, paragraph 18, second sentence, as the document referenced therein speaks for itself. Kohls further states that it is not required to respond to the factual

assertions contained in the third sentence of paragraph 18 as the same is otherwise a conclusion of law.

19. Admitted as to the factual assertion contained in the first sentence of paragraph 19 of Plaintiff's complaint. Denied as to the factual assertion contained in the second sentence of paragraph 19 of Plaintiff's complaint

20. Denied as to the factual assertion contained in the first sentence of paragraph 20 of Plaintiff's complaint. Denied as to the factual assertion contained in the second sentence of paragraph 20 of Plaintiff's complaint.

21. Admitted.

22. Kohl's is not required to respond to the factual assertion contained in paragraph 22 of Plaintiff's complaint.

23. Kohl's is not required to respond to the assertion contained in paragraph 23 of Plaintiff's complaint as the same is otherwise a conclusion of law.

24. Denied.

25. Denied.

26. Kohl's is not required to respond to the factual assertion contained in paragraph 26 of Plaintiff's complaint.

27. Admitted.

28. Denied.

29. Kohl's is not required to respond to the assertion contained in paragraph 29 of Plaintiff's complaint as the same is otherwise a conclusion of law.

30. Kohl's is not required to respond to the assertion contained in paragraph 30 of Plaintiff's complaint as the same is otherwise a conclusion of law.

By way of affirmative defense, Kohl's Department Stores, Inc. ("Kohls") states as follows:

**First Affirmative Defense**

The Plaintiff's complaint fails to set forth a cause of action upon which relief can be granted pursuant to Fed.R.Civ.P 12(b)(6).

**Second Affirmative Defense**

The Plaintiff is barred from recovering against Kohl's as the Plaintiff failed to mitigate its damages in this case.

**Third Affirmative Defense**

The Plaintiff breached its various agreements, including amendments, with Kohl's and is thus barred from recovering any damages against Kohl's.

**Fourth Affirmative Defense**

Any and all monies allegedly owed to the Plaintiff have been satisfied by Kohl's.

**Fifth Affirmative Defense**

The damages alleged by the Plaintiff were not proximately caused by Kohl's.

**Sixth Affirmative Defense**

The Plaintiff is barred from recovery as to all counts in its complaint on the basis of fraud.

**Seventh Affirmative Defense**

The Plaintiff's complaint as to all counts is barred under applicable statute of limitations.

**Eighth Affirmative Defense**

The Plaintiff has failed to properly credit Kohl's account.

**Ninth Affirmative Defense**

The Plaintiff is estopped from enforcing any and all agreements and causes of action against Kohl's.

**Tenth Affirmative Defense**

The Plaintiff's claim is barred under the doctrine of accord and satisfaction.

**Eleventh Affirmative Defense**

The Plaintiff's claim is barred under the doctrine of release.

**Twelfth Affirmative Defense**

The Plaintiff cannot recover in this case as it has not been damaged.

**Thirteenth Affirmative Defense**

The Plaintiff cannot recover damages in this case against Kohl's on the basis of waiver.

**Fourteenth Affirmative Defense**

Kohl's is entitled to offset and/or set off of any monies due to Taunton against any monies Taunton is due to Kohl's.

**By way of compulsory counterclaim, the Defendant, Kohl's Department Stores, Inc. states as follows:**

## COUNTERCLAIM

1. The Defendant, Plaintiff-in-Counterclaim, Kohl's Department Stores, Inc. ("Kohl's") is a duly organized corporation under the laws of the State of Delaware with a principal place of business at North 56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin.

2. The Plaintiff, Defendant –in-Counterclaim, Taunton Depot, LLC("Taunton") is a duly organized corporation under the laws of the Commonwealth of Massachusetts with a principal place of business at 555 Pleasant Street. Suite 201, Attleboro, Massachusetts, County of Bristol.

### Count 1
### Action for Breach of G.L.c.93A, §§ 2, 11

3. Kohl's repeats and realleges paragraphs 1 and 2 above and specifically incorporates the same herein.

4. At all times pertinent hereto, Kohl's and Taunton were in the business of trade or commerce as that term is defined under G.L. c.93A, section 11.

5. The damages complained of in Taunton's complaint are inflated and excessive as it relates to the second amendment to the OEA dated October 24, 2002 ("the second amendment.")

6. On several occasions, Kohl's sought to take over the common area maintenance fees on the Kohl's tract.

7. On several occasions, Kohl's was unreasonably denied this request.

8. Taunton's failure to allow Kohl's to manage its own tract is otherwise in violation of the second amendment between Taunton and Target Corporation.

9. Kohl's was not provided notice by either Taunton and/or Target Corporation that a second amendment had been executed which allowed Kohl's the right to opt out of the requirement of paying common area maintenance fees.

10. Had Kohl's been provided timely notice by Taunton of this second amendment, Kohl's would have elected to opt out of its agreement with Taunton and thus assume the responsibility of managing its own common area maintenance costs and fees.

11. Kohl's contends that it is the second amendment that gives Kohl's the right to maintain its tract.

12. By Taunton allowing Kohl's to otherwise maintain its own tract, Kohl's would be able to control and manage its expenses.

13. Kohl's had requested to maintain its own tract on three occasions and on each occasion Taunton unreasonably denied each request.

14. By knowingly failing to allow Kohl's to opt out of the common area maintenance program earlier, Kohl's would have been able to avoid additional unreasonable and fabricated charges subsequently assessed and now allegedly due by Taunton.

15. Furthermore, Kohl's asserts that it is now being assessed common area maintenance costs and fees which are excessive and fabricated.

16. The above unfair and/or deceptive practices, *inter alia,* caused significant economic damage to Kohl's.

17. As a proximate result of Taunton's conduct, Kohl's has suffered significant economic injury.

Wherefore, Kohl's Department Stores, Inc. demands judgment against Taunton Depot, LLC as follows:

A. That this Court grants damages in favor of Kohl's Department stores in a reasonable amount and as can be shown at the time of trial in this action.

B. That the Court find that Taunton Depot, LLC conducted itself in an unfair and/or deceptive manner thus warranting the imposition of either double or treble damages under G.L. 93A, sections 2 & 11.

C. That the Court allow for reasonable attorney's fees, costs and interest as otherwise permitted under G.L.c.93A, sections 2 & 11 and

D. For any further relief this Court may deem necessary and proper under the circumstances.

## Count 2
## Action for Fraud

18. Kohl's repeats and realleges paragraphs 1 through 17 above and specifically incorporates the same herein.

19. Taunton failed to seasonably inform Kohl's, in October of 2002, that Kohl's could opt out of the common area maintenance agreement as a result of the second amendment. Kohl's opened for business in October of 2002, but according to the unamended OEA, Kohl's had to pay a full pro rata share of common area maintenance charges effective the date Kohl's began construction. By so doing, Kohl's, in effect, subsidized Taunton's common area maintenance costs from March 20, 2002 to October 11, 2002.

20. Kohl's provided written notice to Taunton opting out as of August of 2004.

21. Had Kohl's been timely informed of the opportunity to opt out earlier, it would have done so and would have controlled the expenses related to the operation of the common areas.

22. Furthermore, as part of Taunton's claim against Kohl's in this case, Kohl's is being assessed expenses which are unreasonable and fabricated with the intention of deceiving Kohl's.

23. In particular, *inter alia*, Kohl's has been assessed excessive and unreasonable fees for employees hired by Taunton's management company, Bristol Management, as well has having been charged excessive costs for parking lot maintenance and sweeping, excessive fees as it relates to the maintenance of Bristol's sweeper trucks and improperly assessed charges relating to drainage parcel taxes.

8

24. As a proximate result of Taunton's actions, Kohl's has suffered significant economic injury.

Wherefore, Kohl's Department Stores, Inc. demands judgment against Taunton Depot, LLC for damages, costs and reasonable attorney's fees and for any further relief this Court may deem necessary and proper.

## Count 3
### Action for Breach of Covenant of Good Faith And Fair Dealing

25. Kohl's repeats and realleges paragraphs 1 through 24 above and specifically incorporates the same herein.

26. Massachusetts law implied a covenant of good faith and fair dealing in all contracts between parties entered into in the Commonwealth of Massachusetts.

27. As a result of the actions of Taunton set forth above, Taunton has violated the implied covenant of good faith and fair dealing against Kohl's, and as a result, Kohl's is entitled to damages.

28. The actions of Taunton have herein described in violation of the implied covenant of good faith and fair dealing has caused the Plaintiff to suffer damages.

Wherefore, Kohl's Department Stores, Inc. demands judgment against Taunton Depot, LLC for damages, costs and reasonable attorney's fees and for any further relief this Court deems necessary and proper.

KOHL'S DEPARTMENT
STORES, INC.
By its attorney

David S. Katz, Esq.
Katz Law Group, P.C.
BBO# 261010
112 Turnpike Road Suite 104
Westborough, MA 01581
508-836-5577

S:\Kohl's\Taunton Depot, LLC\Defendant's answer.doc

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TAUNTON DEPOT, LLC.,<br>PLAINTIFF<br><br>v.<br><br>KOHL'S DEPARTMENT STORES, INC.,<br>DEFENDANT | CIVIL ACTION NO:<br>04-12102JLT |

## CERTIFICATE OF SERVICE

    I, David S. Katz I, David S. Katz, counsel for the Defendant, Kohl's Department Stores, Inc. hereby certify that I sent a copy of the Defendant's Answer and Counterclaim and Statement of Corporate Disclosure pursuant to Rule 7.3 via facsimile and first class mail, postage pre-paid to Robert S. Sinsheimer, Esq., Sinsheimer and Associates, 4 Longfellow Place, Suite 3501, Boston, MA 02114.

                                                Kohl's Department Stores, Inc.
                                                By its attorney

                                                _____
                                                David S. Katz, Esq.
                                                Katz Law Group, P.C.
                                                BBO# 261010
                                                112 Turnpike Road Suite 104
                                                Westborough, MA 01581
                                                508-836-5577

Dated: /  /  /
S:\Kohl's\Taunton Depot, LLC\Certificate of Service.12-8-04.doc